UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-7648-MWF (VBKx)     Date:  February 19, 2014
Title:    Darryl Lee -v- CarMax Auto Superstores California, LLC, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

   Deputy Clerk:                    Court Reporter:
   Rita Sanchez                     Not Reported

   Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
   None Present                      None Present

**Proceedings (In Chambers):**  ORDER TO SHOW CAUSE RE JURISDICTION

This action was removed to this Court on October 16, 2013. (Docket No. 1). The Notice of Removal claims that jurisdiction is proper under 28 U.S.C. § 1332. (*Id.* at 2). The jurisdictional allegations in the Notice of Removal appear to be defective. This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

The Court has become aware of cases substantively similar to the present action in which subject matter jurisdiction has been questioned. *See Gullins v. CarMax Auto Superstores California, LLC*, No. 13-9398-JAK (CWx) (C.D. Cal.); *Murray v. CarMax Auto Superstores California, LLC*, No. 12-CV-02966-L-MDD, 2013 WL 4500893 (S.D. Cal. Aug. 21, 2013); *Perez v. CarMax Auto Superstores California, LLC*, No. 13-CV-2886 BEN (BLM), 2014 WL 338838 (S.D. Cal. Jan. 28, 2014); *Salang v. CarMax Auto Superstores California, LLC*, No. 13-CV-870 BEN (WVG), 2014 WL 334466 (S.D. Cal. Jan. 28, 2014).

These courts have questioned both the diversity of the parties and the amount in controversy. For example, a district court questioned whether Defendant's principal place of business was in California, based on a verified discovery response Defendant had submitted in a state court proceeding in San Diego. *See Murray*, 2013 WL

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-13-7648-MWF (VBKx)          **Date:** February 19, 2014

**Title:**     Darryl Lee -*v*- CarMax Auto Superstores California, LLC, et al.

4500893, at *3. Defendant, as the party seeking to invoke this Court's jurisdiction, bears the burden of showing by a preponderance of the evidence that its principal place of business is not in California. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

As to the amount in controversy at the time of removal, Plaintiff sought actual damages in the amount of $40,000, punitive damages in the amount of $34,000, attorneys' fees as allowed by law, and injunctive relief. (Notice of Removal at 4-5). The Court notes, however, that the total amount of sale of Plaintiff's vehicle was only $18,296.27. Defendant bears the burden of showing that more than $75,000 is in controversy.

Accordingly, the Court **ORDERS DEFENDANT TO SHOW CAUSE**, in writing, by no later than **March 10, 2014**, why this action should not be remanded for lack of subject matter jurisdiction. Plaintiff may submit a written response on or before **March 17, 2014**.

The Court sets a hearing on this matter for **March 24, 2014, at 10:00 A.M.** The Court **CONTINUES** the hearing on the Motion to Dismiss and Motion to Strike (Docket Nos. 14-15), presently set for a hearing on February 24, 2014, to **March 24, 2014, at 10:00 A.M.**

IT IS SO ORDERED.